IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DONALD PAUL WILSON,** : | |
| : | |
| Petitioner, : | |
| VS. : | |
| : | NO. 5:16-CV-00053-MTT-MSH |
| **Sheriff GENE POPE,** : | |
| : | |
| Respondent. : | |
| _____ : | |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous Order, *pro se* Petitioner Donald Paul Wilson has filed a Recast Petition for habeas corpus (ECF No. 7) and a motion for leave to proceed *in forma pauperis* (ECF No. 9) in the above-styled case. Petitioner has also filed a motion for judgment on the pleadings (ECF No. 8) and a "motion for consideration" (ECF No. 10). Based on his submissions, the Court finds that Petitioner is presently unable to prepay the filing fee. Petitioner's Motion to Proceed *in forma pauperis* (ECF No. 9) is thus **GRANTED.** The undersigned addresses Petitioner's remaining filings as follows:

**I.      Petitioner's "Motion for Consideration"**

Petitioner's "motion for consideration" requests that the Court address the issues raised therein during its consideration of Petitioner's habeas application. As will be directed later in this Order, Petitioner must again recast his application for federal habeas corpus relief. To the extent Petitioner seeks to have the Court consider the issues raised in his "motion for consideration," Petitioner may raise those issues when he files a

second recast petition.  Accordingly, Petitioner's "motion for consideration" (ECF No. 10) is **DENIED as moot.**

## II.     Petitioner's Motion for Judgment on the Pleadings

Petitioner has also moved for judgment on the pleadings.  "Rule 11 of the Rules Governing § 2254 Cases directs that the Federal Rules of Civil Procedure should be applied to habeas petitions when the Rules Governing § 2254 cases are silent." *Hill v. Linahan*, 697 F.2d 1032, 1034 (11th Cir. 1983) (per curiam).  Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  At this stage of the litigation, Respondents have not yet been ordered to answer.  As such, Petitioner's motion is premature and the undersigned **RECOMMENDS** that it be **DENIED.**  To the extent Petitioner raises any grounds for federal habeas relief in his motion for judgment on the pleadings, Petitioner may include such grounds when he files his second recast petition as directed below.

## III.    Petitioner's Recast Petition

In his Recast Petition filed on March 14, 2016, Petitioner appears to attempt to challenge the validity of two separate criminal convictions, both of which occurred in Butts County.  *See* Recast Pet. 1, ECF No. 1.  The first conviction was in 2008 for aggravated stalking and the second conviction was in 2013 for intimidation or threats of a court officer.  *Id.*  Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or

judgments of each court." Because Petitioner has challenged two separate convictions from the *same* state court, however, Rule 2(e) does not apply. *See Beyer v. Litscher*, 306 F.3d 504, 508 (7th Cir. 2002). The undersigned thus addresses Petitioner's convictions separately.

    A.    <u>Petitioner's 2008 Conviction</u>

This Court lacks jurisdiction over Petitioner's claims regarding his 2008 conviction because it is clearly successive. A review of this Court's records reveals that Petitioner has filed a previous federal habeas corpus petition challenging this same conviction: *Wilson v. Pope*, 5:11-cv-176 (CAR) (M.D. Ga. May 9, 2011) ("*Wilson I*"). In *Wilson I*, the Court denied Petitioner's habeas petition, finding that the state habeas court's decisions reflected a reasonable determination of the facts in light of the evidence presented and were consistent with clearly established federal law. *See* Recommendation to Deny Relief 6-7, ECF No. 59 in *Wilson I*, (M.D. Ga. Feb. 17, 2012); Order Adopting Recommendation, ECF No. 71 in *Wilson I*, (M. D. Ga. Mar. 15, 2012). The Eleventh Circuit Court of Appeals subsequently denied Petitioner's motion for a certificate of appealability. *See* Order, ECF No. 87 in *Wilson I*, (M.D. Ga. Sept. 26, 2012).

Pursuant to 28 U.S.C. §§ 2254 and 2244, as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

Petitioner's claims regarding his 2008 conviction are therefore considered successive within the meaning of § 2244(b).  Because Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a successive habeas petition addressing these claims, this Court lacks jurisdiction to consider Petitioner's request for relief as to his 2008 conviction.

The undersigned therefore **RECOMMENDS** that Petitioner's claims regarding his 2008 conviction be **DISMISSED** without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3).  The Clerk is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh Circuit.

The undersigned also notes that Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA").  *See* Rules Governing § 2254 Cases, Rule 11(a); 28 U.S.C. § 2253(c)(1).  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because it is clear on the face of Petitioner's application that his claims regarding his 2008 conviction are successive within the meaning of § 2244(b), no reasonable jurist could find that the dismissal of such claims are debatable or wrong.  The undersigned thus also **RECOMMENDS** that Petitioner be **DENIED** a COA.  *See Alexander v.*

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed a notice of appeal).

### B. Petitioner's 2013 Conviction

In contrast, it does not at this time appear that Petitioner has had the opportunity for "one, but only one, full and fair opportunity to wage a collateral attack" on his 2013 conviction. *Beyer*, 306 F.3d at 508 (internal quotation marks omitted) (finding district court erred by concluding that petitioner was required to challenge two unrelated convictions from the same court in a single federal habeas petition). The Court, however, is unable to determine from the Recast Petition which grounds relate specifically to Petitioner's 2013 conviction. Accordingly, Petitioner is **ORDERED** to again **RECAST** his Petition to include only his challenges to his 2013 conviction. The Clerk is **DIRECTED** to send Petitioner another copy of the standard § 2254 form. Petitioner shall have **TWENTY-ONE (21) DAYS** from the date of this Order to submit his second recast petition. Failure to fully and timely comply with this Order may result in dismissal of Petitioner's application for federal habeas corpus relief. There shall be no service of process until further order of this Court.

### IV. Conclusion

In sum, the undersigned **GRANTS** Petitioner's motion to proceed *in forma pauperis* (ECF No. 9) and **DENIES** Petitioner's "motion for consideration" (ECF No. 10) as moot. The undersigned also **ORDERS** Petitioner to file a second recast petition which includes only those challenges related to his 2013 conviction within **TWENTY-ONE (21) DAYS** of the date of this Order.

5

The undersigned further **RECOMMENDS** that Petitioner's motion for judgment on the pleadings (ECF No. 8) be **DENIED** as premature. In addition, the undersigned **RECOMMENDS** that Petitioner's claims regarding his 2008 conviction be **DISMISSED** for lack of jurisdiction and further **RECOMMENDS** that a COA be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

SO **ORDERED** and **RECOMMENDED**, this 3rd day of May, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE